**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RENE GARCIA SANCHEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1579-G** |
| **DIRECTOR OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Rene Garcia Sanchez, a citizen of Cuba proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). In accordance with the expedited briefing schedule, (Doc 5), Respondents timely filed a

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the Court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Response to the Petition.[3] (Doc. 7). Petitioner filed a reply with supplemental information and new argument. (Doc. 8).

As fully set forth below, the undersigned recommends that the Petition be **DENIED as moot** because Petitioner already received a bond hearing.

## I. Factual Background and Procedural History

On an unknown date, Petitioner entered into the United States without inspection.[4] On or around November 20, 2025, ICE placed Petitioner into immigration custody. (Doc. 1, at 5). On or around May 21, 2026, an Immigration Judge ordered Petitioner removed from the United States. (*Id.*) On or around June 12, 2026, Petitioner appealed the

---

[3] The Response was not filed on behalf of Respondent Fred Figueroa, Warden of Diamondback Correctional Facility because he is not a federal official. (Doc. 7 at 1 n. 1). The undersigned concludes that a separate response from Fred Figueroa is not necessary to resolve this matter.

[4] The record is devoid of significant pieces of evidence that go towards Petitioner's alienage and immigration proceedings. For example, Respondents failed to submit a Notice to Appear, which would detail Petitioner's country of origin, manner and place of entry, and when removal proceedings began. Respondents similarly failed to submit any other evidence that relates to Petitioner's arrest, such as a Form I-213 or a custody determination from ICE. The only objective evidence that the Court has of Petitioner's alienage is an Immigration Judge's order denying him bond, which includes an alien identification number. (Doc. 8, at Ex. 1, at 2); *see also U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153 (1923) (allowing a court to infer an individual's alienage based on circumstantial and inferential evidence). Additionally, Petitioner alleges that he is eligible to adjust his status under the Cuban Adjustment Act, which implies that he is of Cuban nationality. (Doc. 8, at 2). Based on this limited evidence, the undersigned will presume that the Petitioner is a non-citizen from Cuba and is subject to removal from the United States.

Immigration Judge's order to the Board of Immigration Appeals ("BIA").[5] (*Id.*) On June 25, 2026, Petitioner filed the instant Petition. (*Id.*) On July 16, 2026, Respondents filed their Response. (Doc. 7).

On July 22, 2026, an Immigration Judge conducted a bond hearing. (Doc. 8, at Ex. 1 at 2). The Immigration Judge found, "[a]fter full consideration of the evidence presented," that "there is no amount of bond that will ensure that [Petitioner] will appear for any scheduled proceeding." (*Id.*) The Immigration Judge accordingly denied Petitioner bond. (*Id.*) On July 28, 2026, Petitioner filed this additional evidence with the Court and alleged that his continued and prolonged detention violates his due process rights. (Doc. 8, at 2-3).

## II. Petitioner's Claims and Respondents' Responses

In his Petition, Petitioner states that he is challenging "the denial of the bond hearing and the custody review." (Doc. 1, at 2). He alleges that his detention is "unconstitutionally prolonged" and violates his Fifth Amendment due process rights. (*Id.* at 6-7). Petitioner

[5] Petitioner alleges that his appeal with the BIA remained pending at the time he filed the instant Petition. (Doc. 1, at 5). However, according to the Executive Office of Immigration Review's ("EOIR") case database, Petitioner has no removal orders and no pending appeals. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/caseInformation (last accessed Sept. 20, 2026). The website also states that there are no future hearings for Petitioner's case. *Id.* Despite this, for the purposes of judicial economy, the undersigned will presume that Petitioner has a pending appeal before the BIA and that he is not subject to a final order of removal. *See* 8 C.F.R. § 1241.1 ("An order of removal . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]").

requests the Court order his immediate release from detention or, alternatively, order a bond hearing at which the government must demonstrate by clear and convincing evidence that his continued detention is necessary. (*Id.* at 8). In their Response, Respondents concede that under the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir 2026), Petitioner is entitled to a bond hearing. (Doc. 7).

In his subsequent filing, Petitioner alleges that his Fifth Amendment due process rights continue to be violated following the Immigration Judge's denial of bond. (Doc. 8, at 2). Petitioner asserts that he is not a danger to the community, that he does not have a serious criminal record in the United States or his home country, and that he is not a flight risk. (*Id.*)

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## IV. Analysis

### A. Petitioner's Due Process Claims – as Raised in the Petition – are Moot Because He Received a Bond Hearing.

Petitioner asserts that his prolonged immigration detention and detention without a bond hearing violates his due process rights. (Doc. 1, at 2, 6-7). Generally, the remedy for

such a violation would be to grant an individualized bond hearing. *See Santillan Quiroz*, 180 F.4th at 1237 (holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)"); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ."); *Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3021514, at *2 (W.D. Okla. Mar. 9, 2023) (determining, in the context of mandatory detention under 8 U.S.C. § 1226(c), that "at some point, detention can become so prolonged as to become unreasonable or unjustified, at which time a petitioner will be entitled to an individualized bond hearing.").

However, because Petitioner has already received a bond hearing before an Immigration Judge, the undersigned considers his claim for relief to be moot.[6] The undersigned thus recommends the Court deny Petitioner's claim.

---

[6] As to Petitioner's assertion that Respondents should bear the burden of proof of danger and flight in order to justify his continued detention, (Doc. 1, at 8), the majority of Judges in this District have either (a) declined to reach the issue of whether due process requires the government, rather than the non-citizen, to carry the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing and/or (b) determined that due process does not require the burden to shift to the government. *See e.g., Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) ("Absent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due process requires a different procedure."); *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) ("[T]he Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond

### B. The Court Should Not Consider Petitioner's Arguments Related to the Provided Bond Hearing Because They Were First Raised in Reply.

On July 22, 2026, an Immigration Judge conducted a bond hearing regarding Petitioner. (Doc. 8, at Ex. 1, at 2). The Immigration Judge ultimately found that Petitioner would not "appear for any scheduled proceeding" so that he poses a risk of flight. (*Id.*) Although Petitioner does not explicitly contest the Immigration Judge's findings, he argues nonetheless that he is not a danger to the community, has no criminal history, and is not a flight risk. (Doc. 8, at 2). These arguments – which implicitly challenge the Immigration Judge's ultimate findings – are unrelated to the argument raised in the instant Petition: whether Petitioner was entitled to a bond hearing. "[I]t is well established that issues raised for the first time in a reply are deemed waived." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (citing *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.")); *Mikado v. Allbaugh*, No. CIV-15-1389-D, 2016 WL 3579228, at *2 (W.D. Okla. June 28, 2016).

Accordingly, the Court should not consider Petitioner's new arguments. If Petitioner wishes to make a challenge to his bond hearing, he may do so in a sperate action

---

hearing."); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process.").

where both parties will have the opportunity to present argument and meaningfully develop the record.[7]

## V. Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **DENIED as moot.**

The Court advises the parties of their right to object to this Report and Recommendation by **September 28, 2026,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

---

[7] Alternatively, should the Court consider Petitioner's new arguments, the undersigned recommends that the Court deny relief. Petitioner appears to challenge the Immigration Judge's ultimate decision as to whether he constitutes a danger to the community or a flight risk. However, under 8 U.S.C. § 1226(e), "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026). And while a district court retains habeas jurisdiction over constitutional claims and questions of law relating to a bond hearing, *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026), district Courts are not permitted to re-weigh evidence or find that an Immigration Judge's assessment of said evidence was improper. *See Perez v. Grant*, No. CIV-26-596-SLP, 2026 WL 1182039, at *5 (W.D. Okla. Apr. 30, 2026) (finding habeas relief is appropriate only where the exercise of discretion "was so arbitrary that it would offend fundamental tenets of due process," and courts "cannot override an immigration judge's bond decision simply because they might have reached a different result").

Petitioner's claim also fails to the extent he takes issue with the Immigration Judge's decision under a due process theory, as he has failed to demonstrate that there were constitutional defects in the judge's decision. He does not establish, for example, "that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof," *Kumar*, 2026 WL 753944, at *2; *see supra* footnote 6. The Immigration Judge's order denying Petitioner's bond, standing alone, is insufficient evidence to demonstrate that his denial of bond was a "rubberstamp denial," *see Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999), as the order indicates that the judge considered evidence, (Doc. 8, at Ex. 1, at 2).

P. 72(b)(2).[8] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 21st day of September, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").